# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| GERALDINE LANG, | Civil No. 08-5029 (JRT/JJG) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS** |
| SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Robert J. Bruno, **ROBERT J. BRUNO, LTD.**, 1601 Highway 12 East, Suite 107, Burnsville, MN 55337, for plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

This case is before the Court on plaintiff Geraldine Lang's motion for remand and defendant Social Security Administration's ("SSA") motion to dismiss. For the reasons set forth below, the Court denies Lang's motion to remand and grants the SSA's motion to dismiss.

## BACKGROUND

Lang was awarded alimony and child support from her ex-husband after a Minnesota state court entered a judgment and divorce decree on October 29, 2004. (Docket No. 8, Ex. 1.) Three years later, on December 26, 2007, the Minnesota State District Court for the First Judicial District issued an order granting judgment in Lang's

favor for approximately $9500 in past-due child support and medical support.  (*Id.*, Ex. 12, ¶ 5.)   On December 31, Lang served a garnishment summons on the designated officer for the St. Paul office of the SSA, seeking the withholding of a portion of Lang's ex-husband's Social Security Disability benefits to satisfy the judgment for past-due child support.  (*Id.*, Ex. 3.)

On February 18, 2008, in response to a request by the SSA, Lang supplemented the garnishment summons by providing the SSA with a copy of the state court's order of judgment for child support arrearages.   On February 25, the SSA responded that there was insufficient information in Lang's correspondence from which to determine 1) that the SSA was ordered to collect child support or 2) the person whose benefit payments the garnishment would affect.  (*Id.*, Ex. 4.)  As a result of these alleged failures, the SSA did not commence garnishment of Lang's ex-husband's Social Security Disability benefits.

On March 25, 2008, Lang mailed to the designated St. Paul SSA officer a notice of hearing on a motion for default judgment or for leave to proceed on a Supplemental Complaint.  (Docket No. 9, Ex. 6.)  The SSA served no response and did not appear at the hearing.  (Docket No. 15 at 3.)  On April 8, 2008, the state district court granted Lang leave to serve and file the Supplemental Complaint, which reads in relevant part:

> 7.   On December 31[, 2007], the SSA is indebted to the Judgment Debtor[, Lang's ex-husband,] in amounts that are unknown.

> 8.   The garnishee, [the SSA,] is in default for failure to disclose. WHEREFORE, Plaintiff prays for judgment against the Garnishee [the SSA] in the amount of $9,456.88 plus costs and disbursements.

(Docket No. 9, Ex. 8.)

On April 10, 2008, Lang filed and mailed a copy of the Supplemental Complaint to the designated officer at the St. Paul SSA office.  (*Id.*, Ex. 8.)  Lang alleges that this act constituted proper service of the Supplemental Complaint on the SSA.  (Docket No. 15 at 4.)  The SSA did not respond, however, and on June 5, 2008, the state district court filed an order entering default judgment against the SSA.  (Docket No. 10, Ex. 10.)   On June 30, the SSA mailed a letter to Lang's counsel stating, "WE ARE UNABLE TO PROCESS YOUR REQUEST . . . If you have any questions, you should call, write, or visit any Social Security office."  (*Id.*, Ex. 11.)  On July 15, the state court issued a writ of execution directing the Ramsey County Sherriff to execute the judgment against the SSA.  (*Id.*, Ex. 12.)   On August 12, the Ramsey County Sheriff served the writ of execution at the St. Paul SSA office, but found no assets to satisfy the writ.  (*Id.*, Ex. 13.)

The United States Attorney for the District of Minnesota, on August 28, 2008, filed a notice of removal of the Supplemental Complaint against the SSA.   Lang subsequently filed the instant motion to remand, and on October 8, 2008, the SSA filed a motion to dismiss.

**DISCUSSION**

## I.    MOTION TO REMAND AND MOTION TO DISMISS

The SSA removed the Supplemental Complaint to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. §§ 1442(a)(1).[1]  Under § 1442(a)(1), a civil action commenced in a state court may be removed to a federal district court if that action is against "[t]he United States or any agency thereof."  *Id.* § 1442(a)(1).  To qualify for removal under this section, a defendant must, among other things, raise "a colorable defense arising out of [the defendant's] duty to enforce federal law."  *Mesa v. California*, 489 U.S. 121, 133 (1989) (internal quotations marks omitted).  "For a defense to be considered colorable, it need only be plausible; § 1442(a)(1) does not require a court to hold that a defense will be successful before removal is appropriate."  *United States v. Todd*, 245 F.3d 691, 693 (8th Cir. 2001).

### A.    The SSA's Motion to Remove is Timely

Lang first contends that the SSA's notice of removal is improper because it is untimely.  "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).  Further,

---

[1] The Court does not address the merits of the SSA's additional removal grounds under § 1441(a), finding that the grounds for removal under § 1442(a)(1) are independently sufficient to permit the removal of the Supplemental Complaint.

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.*

Here, the first question is therefore which initial pleading began the period of limitations for removal.  Next, the Court must determine whether an amended pleading, from which a colorable federal defense could first be ascertained, was properly served such that a new period of limitations commenced.

In this case, there are two pleadings or papers: the garnishment summons and the Supplemental Complaint.  Lang contends that the garnishment summons, served on the SSA on December 31, 2007 pursuant to 42 U.S.C. § 659, is the "initial pleading" that begins the period of limitations for filing a notice of removal.  Section 659 provides for a limited waiver of the United States' sovereign immunity (a federal defense) in garnishment collection actions:

> Moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States . . . (including any agency . . . thereof) **to any individual** . . . shall be subject, in like manner and to the same extent as if the United States . . . were a private person, to withholding in accordance with State law enacted pursuant to subsections (a)(1) and (b) of section 666 of this title and to any other legal process brought, by a State agency administering a program under a State plan approved under this part or by an individual obligee, to enforce the legal obligation of the individual to provide child support or alimony.

42 U.S.C. § 659(a) (emphasis added).

Under the statute, service of any orders seeking the withholding of funds payable to an individual by the United States, which include Social Security Disability benefits

payable by the SSA, *id.* § 659(h)(A)(i)(I), may be made to a designated officer of that agency.   *Id.* § 659(c)(1).   Here, it is undisputed that the garnishment summons of December 31, 2007 was properly served on a designated SSA officer in St. Paul pursuant to 42 U.S.C. § 659.   It is therefore clear that the removal of the garnishment summons, if removed on August 28, 2008, would be untimely, even if it were permissible under removal statutes.

Lang further argues that the Supplemental Complaint is not a new, amended pleading under § 1446(b), and thus the removal period of limitations began with the service on the SSA of the garnishment summons four months earlier.   The Supplemental Complaint, however, is not a mere continuation of the garnishment collection action. Instead, it gives rise to a new, direct claim against the SSA.   Thus, the Court next considers whether the SSA properly filed a notice of removal within thirty days of the filing of the Supplemental Complaint.

Lang claims that she properly served the Supplemental Complaint on the SSA in accordance with 42 U.S.C. § 659 on April 10, 2008: Lang mailed the Supplemental Complaint by registered, certified mail to the designated SSA garnishment officer.   As a result, Lang argues that the SSA's filing of a notice of removal on August 28, 2008, was well over thirty days after service and is thus untimely.   The SSA disagrees, arguing that it was never properly served.

"'[L]egal process' [under § 659] means any writ, order, summons, or other similar process in the nature of garnishment . . . which is directed to, and the purpose of which is to compel, a governmental entity which holds moneys which are otherwise payable **to**

**make a payment from the moneys to another party in order to satisfy a legal obligation of the individual to provide child support** or make alimony payments." *Id.* § 659(i)(5) (emphasis added)). The Supplemental Complaint, however, was not "in the nature of garnishment" and thus § 659 did not provide for the rules of service on the SSA.

The Supreme Court has held that **actual** service is required for the 28 U.S.C. § 1446(b) removal period of limitations to begin. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351-52 (1999). Under the Federal Rules of Civil Procedure, "to serve a United States agency . . . a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency." Fed. R. Civ. P. 4(i)(2). In order to serve the United States, a party must "deliver a copy of the summons and the complaint to the United States attorney for the district where the action is brought." *Id.* 4(1)(A)(i) Here, Lang sought a judgment directly against the SSA, an agency of the United States, but failed to properly serve the United States Attorney for the District of Minnesota. Consequently, the Court will not deny the SSA's petition for removal on the grounds that the SSA's removal notice was untimely.

**B.      The Social Security Administration Has a Valid Federal Defense**

The Court next turns to the issue of whether the SSA has stated a colorable federal defense. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). In *Overman v. United States*, 563 F.2d 1287 (8th Cir.

1977), the Eighth Circuit addressed "a suit contesting the validity of a prior divorce decree that [came] into federal court by removal after a federal employee garnished for alimony and child support obligations sought to enjoin his federal disbursing officer from honoring the garnishment." *Id.* at 1289.  On appeal from the district court's denial of the federal employee's motion to remand under § 659, the Court held that "[c]learly, the defense of sovereign immunity applies here.  Appellant points to no statute or other ground permitting him to sue the Government, and 42 U.S.C. § 659 . . . does not authorize this action against federal defendants." *Overman*, 563 F.2d at 1291.  The Eighth Circuit further noted that § 659 only waives government immunity from legal process "brought for the enforcement  . . . of the legal obligations to provide child support to make alimony payments.  The statute patently does not waive governmental immunity to other kinds of lawsuits." *Overman*, 563 F.2d at 1291-92 (internal quotation marks omitted).  Finally, the Eighth Circuit held that under § 659, "Congress has not consented to its fiscal officer being sued for any purpose **other than enforcement of the legal obligations to provide child support or alimony payments**." *Id.* (emphasis added).  As a result, the United States' sovereign immunity barred the employee's claim for injunctive relief.  *Id.*

Here, the Supplemental Complaint was filed four months after the garnishment summons was served on the SSA, and it seeks judgment against the SSA.  Thus, the Supplemental Complaint changed the nature of the litigation from a garnishment collection action against Lang's ex-husband to an action directly against the SSA.  Under *Overman*, and absent any claim by Lang that an alternative statute waives governmental

immunity in these circumstances, the SSA has sovereign immunity from such a claim. As a result, not only does the United States have a colorable and substantial federal defense such that removal is appropriate under § 1442(a)(1), but dismissal for failure to state a claim is warranted.  A motion to dismiss should not be granted unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle plaintiff to relief. *Coleman v. Watt,* 40 F.3d 255, 258 (8th Cir. 1994).  Where Lang has failed to cite any statute in which the United States consents to be sued for a claim such as the one sought in the Supplemental Complaint, however, Lang has failed to state a claim on which relief may be granted.

## II.    REMOVABILITY OF THE SUPPLEMENTAL COMPLAINT UNDER ROOKER-FELDMAN

Lang also argues that the SSA improperly removed this action under the *Rooker-Feldman* doctrine, which generally bars a federal court's review of the final state court judgment.   That is, *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Generally, a case may not be removed after a state court has entered final judgment on a matter.  *Four Keys Leasing & Maint. Corp. v. Simithis,* 849 F.2d 770, 774 (2d Cir. 1988).  However, "it is well established that a federal district court has jurisdiction to consider a motion for relief from an order of default entered in state court. A federal court has the power to set aside a default entered in state court . . . when a state court lacked jurisdiction to make an entry

of default." *See, e.g., Aiken v. Waffle House, Inc.*, 509 F. Supp. 2d 541, 545 (D.S.C. 2007) (internal quotation marks omitted)).  Here, the Court finds that as a consequence of the insufficient service of process of the Supplemental Complaint on the United States, the state court did not have jurisdiction to enter an order of default against the SSA. Accordingly, the state court's default judgment is void and the Supplemental Complaint was properly removed.[2]

At the hearing on these motions, the parties alluded to a state court hearing, set for February 24, 2009, in which the SSA intends to iron out the issues that were the focus of this litigation in state courts.  The Court expects that the garnishment collection issue, which the SSA did not remove with the Supplemental Complaint, will be resolved at that time.

---

[2] The *Aiken* court also noted that "the *Rooker-Feldman* doctrine, which prohibits federal court review of state court judgments . . . [addresses] **separate** federal court actions, filed in the original jurisdiction of the court, rather than removal of state court actions over which the federal court has, at the time of removal, original jurisdiction." *Aiken*, 509 F. Supp. 2d at 544 n.2 (citing *Brown & Root, Inc. v. Breckenridge,* 211 F.3d 194, 198-99 (4th Cir. 2000)).  Here, the SSA's removal would also be appropriate under 28 U.S.C. § 1441(a), and would not offend *Rooker-Feldman*, based on the Court's assertion of original jurisdiction over a civil action against the United States for an amount less than $10,000.  *See* 28 U.S.C. § 1346(b).

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Plaintiff Geraldine Lang's Motion to Remand [Docket No. 13] is **DENIED.**

2.      Defendant Social Security Administration's Motion to Dismiss [Docket No. 21] is **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  February 5, 2009                     _s/_ John M. Tunheim
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                                United States District Judge